## No. 21-4299

In the

# United States Court of Appeals

## For the Fourth Circuit

———————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.

AUSTIN KYLE LEE,

*Appellant.*

———————————————

On Appeal from the United States District Court
for the Eastern District of North Carolina
Honorable Louise Wood Flanagan, District Judge;
Honorable Robert T. Numbers, II, Magistrate Judge;
Case No. 7:18-cr-153-FL

———————————————

## OPENING BRIEF OF APPELLANT

———————————————

Nicholas J. Giles                  Sean A. McClelland                 Arin Melissa Brenner
George E. Rudebusch                MCGUIREWOODS LLP                   OFFICE OF THE FEDERAL
MCGUIREWOODS LLP                   888 16th Street N.W.               PUBLIC DEFENDER
Gateway Plaza                      Suite 500                          210 First Street NW
800 East Canal Street              Black Lives Matter Plaza           Suite 400
Richmond, VA 23219                 Washington, DC 20006               Roanoke, VA 24011
T: (804) 775-4760                  smcclelland@mcguirewoods.com       arin_brenner@fd.org
F: (804) 698-2040
ngiles@mcguirewoods.com
grudebusch@mcguirewoods.com

*Counsel for Appellant Austin Kyle Lee*

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................1

JURISDICTIONAL STATEMENT ...............................................................2

STATEMENT OF ISSUES ...........................................................................3

STATEMENT OF THE CASE ......................................................................3

STANDARD OF REVIEW ...........................................................................8

SUMMARY OF ARGUMENT .....................................................................8

ARGUMENT ...............................................................................................10

I.      A jury—not a judge—must determine whether a defendant has a prior "serious drug felony" conviction. ................................................................10

        A.      Whether a defendant was previously convicted of a "serious drug felony" requires factfinding about the prior conviction. ...........12

        B.      Resolving whether a conviction is for a "serious drug felony" cannot be accomplished with *Shepard*-approved documents. ...........16

        C.      The plain language of 21 U.S.C. § 851—which the district court read to require judicial factfinding—is irrelevant under the Supremacy Clause. ...........................................................................17

        D.      The only other court to squarely consider this issue reached a conclusion exactly opposite from the district court here. .................19

II.     *Almendarez-Torres* was wrongly decided and should be overruled. ...........22

CONCLUSION ............................................................................................23

STATEMENT REGARDING ORAL ARGUMENT ..........................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alleyne v. United States*,
    570 U.S. 99 (2013).............................................................................. 9-10

*Almendarez-Torres v. United States*,
    523 U.S. 224 (1998)..............................................................................9, 11

*Apprendi v. New Jersey*,
    530 U.S. 466 (2000)................................................................. 9-11, 16, 22

*Jones v. United States*,
    526 U.S. 227 (1999)..................................................................................18

*Neder v. United States*,
    527 U.S. 1 (1999).......................................................................................8

*Shepard v. United States*,
    544 U.S. 13 (2005)......................................................................12, 17, 22

*United States v. Allen*,
    446 F.3d 522 (4th Cir. 2006) ...................................................................17

*United States v. Barrera*,
    261 F. App'x 570 (4th Cir. 2008) ............................................................22

*United States v. Beal*,
    No. 18-cr-00070, 2021 WL 4524159 (D. Haw. Oct. 4, 2021) ...........19

*United States v. Catone*,
    769 F.3d 866 (4th Cir. 2014) .....................................................................8

*United States v. Chavez*,
    804 F. App'x 525 (9th Cir. 2020) .............................................................21

*United States v. Clarke*,
    237 F. App'x 831 (4th Cir. 2007) ...............................................................5

*United States v. Corona-Verduzco*,
    963 F.3d 720 (8th Cir. 2020) ...................................................................20

*United States v. Dean*,
   604 F.3d 169 (4th Cir. 2010) .......................................................................11, 13

*United States v. Fields*,
   435 F. Supp. 3d 761 (E.D. Ky. 2020) ...................................................13, 16, 19

*United States v. Higgins*,
   557 F.3d 381 (6th Cir. 2009) ...............................................................................13

*United States v. Johnson*,
   No. 17-cr-00770, 2021 WL 260226 (N.D. Ill. Jan. 26, 2021) ...........................20

*United States v. Kendrick*,
   825 F. App'x 77 (3d Cir. 2020) ...........................................................................21

*United States v. LaBonte*,
   520 U.S. 751 (1997).................................................................................................5

*United States v. Rodriguez-Garza*,
   126 F. App'x 322 (7th Cir. 2005) .......................................................................22

*United States v. Smith*,
   451 F.3d 209 (4th Cir. 2006) .......................................................................18, 22

*United States v. Thompson*,
   421 F.3d 278 (4th Cir. 2005) ......................................................... 9, 11, 15-16

*United States v. Washington*,
   404 F.3d 834 (4th Cir. 2005) .....................................................11-12, 15, 17-18

*United States v. Wiseman*,
   932 F.3d 411 (6th Cir. 2019) ...................................................................... 4-5

**Statutes**

18 U.S.C. § 924 ......................................................................................................4, 10

21 U.S.C. § 802(44) (2016) .................................................................................4, 13

21 U.S.C. § 802(57) ............................................................................ 1, 4, 10, 14-15

21 U.S.C. § 841 ........................................................................................................3, 10

21 U.S.C. § 851 ......................................................................................................5-6, 17

First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194 (2018) ...................... 3-4

**State Statutes**

N.Y. Const. art. IV, § 4 ............................................................................ 14

N.Y. Crim. Proc. Law § 440.10 ............................................................ 14

N.Y. Crim. Proc. Law § 440.20 ............................................................ 14

N.Y. Penal Law § 70.40 ........................................................................ 14

N.Y. Penal Law § 70.71 ........................................................................ 14

**Other Authorities**

Frank O. Bowman, III, *Debacle: How the Supreme Court Has
     Mangled American Sentencing Law and How It Might Yet Be
     Mended*, 77 U. Chi. L. Rev. 367, 393 (2010) ...................................... 23

Nancy J. King, *Sentencing and Prior Convictions: The Past, the
     Future, and the End of the Prior-Conviction Exception to*
     Apprendi, 97 Marq. L. Rev. 523, 556 (2014) ............................................ 22-23

**INTRODUCTION**

After Appellant Austin Kyle Lee was indicted for several drug offenses, the government made clear its intent to seek an enhanced penalty due to Mr. Lee's prior conviction for a "serious drug felony."  Under the recently passed First Step Act, a "serious drug felony" has three components: (1) the offense must be punishable by up to ten years in prison, (2) the offender must have actually served more than twelve months, and (3) no more than fifteen years must have elapsed between the offender's release and his commission of the new offense.  *See* 21 U.S.C. § 802(57).  Citing both Department of Justice policy and the Supreme Court's decision in *Apprendi v. New Jersey*, the government proposed to submit these three discrete questions to the jury.  Mr. Lee joined in this request, further noting that he intended to dispute that the enhancement's definitional components had been satisfied.

The district court declined the parties' request.  The definitional components *had to be* decided by the court under the First Step Act, the court reasoned, and because the inquiry was limited to the mere fact of a prior conviction, judicial fact-finding was consistent with the Sixth Amendment under the Supreme Court's decision in *Almendarez-Torres v. United States*.

The district court was mistaken.  Cases since *Almendarez-Torres*—both in the Supreme Court and this one—have drawn a clear line between the fact *of* a prior conviction and facts *about* a prior conviction.  The former is little more than a data

1

point, easily discernible from judicial records underpinning the conviction, and may be determined by a judge without constitutional concern. The latter, however, implicates the Sixth Amendment when used to increase a defendant's sentence. Facts *about* a conviction stray beyond the sterile nub of a court's judgment, seeking information unique both to the offender and the circumstances. Those facts must be found by a jury.

The district court ignored this settled law. After an evidentiary hearing during which Mr. Lee disputed that his prior conviction qualified, the district court made factual findings and declared a winner, ruling that the government had satisfied its burden. With the enhancement applied, Mr. Lee's mandatory minimum sentence grew from ten years to fifteen on the eligible counts. Because the district court, and not a jury, made the factual findings necessary for that enhancement, Mr. Lee's constitutional rights were violated. He now appeals and seeks vacatur of the unlawful sentence.

## JURISDICTIONAL STATEMENT

Mr. Lee appeals directly from his conviction and sentencing in federal court. The district court entered judgment on June 14, 2021. JA 1025–33. Mr. Lee timely appealed on the same day. JA 1024. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.    Did the district court err in determining that Mr. Lee had a prior "serious drug felony" conviction—an element of the offense because it increased the mandatory minimum sentence Mr. Lee faced—without submitting to the jury factual issues necessary to that finding? (Yes.)

## STATEMENT OF THE CASE

On February 8, 2021, a jury found Mr. Lee guilty of seven drug-related offenses. Notably, the jury convicted Mr. Lee of conspiracy to distribute certain quantities of controlled substances under 21 U.S.C. §§ 841(a)(1) and 846 ("Count One"), and possession with intent to distribute under 21 U.S.C. § 841(a)(1) ("Count Five"). JA 959–61. Given the drug weights at issue, Counts One and Five carried a mandatory minimum sentence of ten years' imprisonment under 21 U.S.C. § 841(b)(1)(A). And that same provision also increased the mandatory minimum sentence to fifteen years' imprisonment for offenders with certain prior convictions. 21 U.S.C. § 841(b)(1)(A).

Historically, the government could seek the enhanced penalty under § 841(b)(1)(A) if a defendant had a prior conviction for a "felony drug offense." *See* First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018) (striking "felony drug offense" from 21 U.S.C. § 841(b)(1)(A)). The term "felony drug

3

offense" referred—quite simply—to any drug offense punishable by imprisonment for more than one year.  *See* 21 U.S.C. § 802(44) (2016).

But with the First Step Act of 2018, Congress rendered the § 841(b)(1)(A) enhancement considerably more complex—and far narrower—by replacing "felony drug offense" with "serious drug felony."  *See* Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018).  A "serious drug felony," Congress determined, is "an offense described in section 924(e)(2) of title 18 [] for which . . . the offender served a term of imprisonment of more than 12 months . . . [and] the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  Pub. L. No. 115-391, § 401, 132 Stat. at 5220.  The offenses described under § 924(e)(2) include drug offenses punishable by "a maximum term of imprisonment of ten years or more" under state or federal law, as well as violent felonies.  18 U.S.C. § 924(e)(2)(A).

Accordingly, following the First Step Act, the government may seek the increased mandatory minimum sentence under § 841(b)(1)(A) only after proving three facts: (1) the defendant has a prior conviction of either a drug offense punishable by at least ten years in prison or a violent felony; (2) the defendant actually served more than twelve months in prison for the prior conviction; and (3) the defendant commenced the instant offense within fifteen years of release from imprisonment for the prior conviction.  21 U.S.C. § 802(57); *see also United States*

*v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1237 (2020) (noting that "[a] 'serious drug felony' . . . covers a smaller set of crimes . . . for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense").

Section 851 sets forth the procedure for establishing such a prior conviction under § 841(b)(1)(A). The government must file notice[1] with the court of its intent to rely on the defendant's prior conviction. 21 U.S.C. § 851(a)(1). If the government files a notice, the court must, "after conviction but before pronouncement of sentence[,] inquire . . . whether [the defendant] affirms or denies that he [or she] has been previously convicted as alleged" in the government's notice. 21 U.S.C. § 851(b). If the defendant denies the prior conviction and files a written response, the court must hold a hearing "without a jury." 21 U.S.C. § 851(c)(1). At the hearing, "either party may introduce evidence," but the government bears "the burden of proof beyond a reasonable doubt on any issue of fact," and the court must enter "findings of fact and conclusions of law" at the request of either party. 21 U.S.C. § 851(c)(1). The court must sentence the defendant to the enhanced penalty if it

---

[1] "[A]lthough § 851(a) requires that the government file 'an information,' the document is often referred to as a 'notice.'" *United States v. Clarke*, 237 F. App'x 831, 833 (4th Cir. 2007) (citing *United States v. LaBonte*, 520 U.S. 751, 754 n.1 (1997)).

determines that the fact of prior conviction subjects the defendant to increased punishment.  21 U.S.C. § 851(d)(1).

Here, the government sought to impose the increased mandatory minimum sentence under § 841(b)(1)(A) on Mr. Lee due to a prior drug conviction.  In accordance with § 851(a)(1), the government filed notice of its intent to use Mr. Lee's prior conviction to increase the mandatory minimum sentences for Counts One and Five (the "Notice").  JA 78–80.  The government attached to the Notice a certificate of disposition, which showed that on July 11, 2011 Mr. Lee pleaded guilty to criminal sale of a controlled substance in the second degree, in violation of New York Penal Law § 220.41.  JA 81.  Although the New York County Supreme Court sentenced Mr. Lee to six years' imprisonment, *id.*, the government averred that the offense of prior conviction carried a statutory maximum sentence of at least ten years.[2]  JA 74–76.  A certificate of incarceration appended to the Notice stated that Mr. Lee was incarcerated from January 1, 2011 to December 23, 2015, a period of nearly five years.  JA 82.

The same day it filed the Notice, the government also filed proposed jury instructions and a proposed verdict form.  JA 109–202.  In both documents, the government asked the district court to submit to the jury whether Mr. Lee's prior

---

[2] According to documentary attachments submitted by the United States, the statutory maximum sentence for an offense under New York Penal Law § 220.41 varied according to the defendant's criminal history.  JA 74–76.

drug conviction subjected him to the increased mandatory minimum sentence under § 841(b)(1)(A) for Counts One and Five. JA 161–62, 172–73, 200–01. Specifically, the government requested that the jury find three facts to determine whether Mr. Lee's prior conviction constituted a "serious drug felony": (1) whether Mr. Lee's prior conviction was a drug offense punishable by at least ten years' imprisonment; (2) whether Mr. Lee served more than twelve months in prison for his prior conviction; and (3) whether Mr. Lee commenced the offenses in Counts One and Five within fifteen years of his release from prison for his prior conviction. *Id.* Mr. Lee joined the government in its request for the jury to decide these facts about his prior conviction. JA 547.

The district court rejected the parties' request, concluding that it could permissibly resolve all aspects of the "serious drug felony" analysis without jury involvement. JA 790; JA 969–73. After the jury trial completed, then, the district court conducted a § 851(c) hearing on whether Mr. Lee's prior conviction subjected him to an increased mandatory minimum sentence. JA 978–87. Relying on three post-conviction documents—the New York certificate of conviction, the New York certificate of incarceration, and the Superseding Indictment in the instant matter— the district court determined that Mr. Lee's prior conviction constituted a serious drug felony under §§ 802(57) and 841(b)(1)(A). JA 990, 992–93.

As a result, the district court imposed a total sentence of 340 months' imprisonment, which included a concurrent sentence of 280 months' imprisonment on Counts One through Five. JA 1017, 1027. At the sentencing hearing, the district court made clear that it fashioned a sentence within the statutory minimum and maximum terms of imprisonment after applying the enhanced penalty under § 841(b)(1)(A). JA 997, 1025–26. Mr. Lee timely noticed an appeal. JA 1036–53.

## STANDARD OF REVIEW

Because Mr. Lee raised his right to jury determination of these issues before the district court, JA 547, review is for harmless—not plain—error. *See United States v. Catone*, 769 F.3d 866, 874 (4th Cir. 2014). The district court's failure to submit those questions to the jury therefore warrants reversal unless the government proves "beyond a reasonable doubt" on appeal that the failure to submit the relevant questions to the jury was "uncontested and supported by overwhelming evidence" such that the jury would have necessarily reached the same result. *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 17 (1999)).

## SUMMARY OF ARGUMENT

The sentence imposed by the district court should be vacated. Over Mr. Lee's objection (and the government's), the district court itself determined whether Mr. Lee's prior New York conviction met the definition of a "serious drug felony" under the First Step Act. JA 973–74, 986, 994. That was error. Under a well-established

line of cases interpreting the Sixth Amendment, sentencing factors that increase a defendant's sentence—as the "serious drug felony" conviction did here—must be proven to a jury rather than determined by a judge. *See Apprendi v. New Jersey*, 530 U.S. 466,  484, 490 (2000); *Alleyne v. United States*, 570 U.S. 99, 106 (2013).

The so-called *Almendarez-Torres* exception does not apply. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998).  Under that case, a district court may constitutionally determine whether a defendant has a prior conviction, provided its findings are limited to the mere "fact of conviction." *United States v. Thompson*, 421 F.3d 278, 282–83 (4th Cir. 2005).  Facts *about* a conviction, on the other hand, remain the sole province of the jury.  The definitional components that make up a "serious drug felony" require fact-finding *about* Mr. Lee's prior conviction: how long he ended up serving, when he was ultimately released, and how much time elapsed between that release and his commission of the new offense.  The information necessary to make those findings goes well beyond the prior conviction itself; indeed, those facts were *definitionally unknowable* when the prior conviction occurred.  As they lie outside of *Almendarez-Torres*' limited safe harbor, they were required to be presented to a jury.  They were not.

# ARGUMENT

## I.    A jury—not a judge—must determine whether a defendant has a prior "serious drug felony" conviction.

The government must prove three facts to seek the increased mandatory minimum by virtue of a prior "serious drug felony" conviction.  *See* 21 U.S.C. § 841(b)(1)(A).   The first can typically be determined from statute books: the previous offense must be a drug-related offense with a maximum sentence of over ten years.  18 U.S.C. § 924(e)(2)(A).  But the second and third are fact-intensive and defendant-specific: the defendant must have actually served more than twelve months and the defendant's release must have been within fifteen years of the commencement of the instant offense.  21 U.S.C. § 802(57).

As the government itself affirmatively argued before the district court, the actual-length-of-imprisonment and release-to-instant-offense determinations are constitutionally required to be made by the jury—not by the district court judge—because they are facts *about* a prior conviction that cannot be discerned from any charging document, statute, or plea colloquy in the prior proceedings.  *See* JA 306–10.

That is correct.  The Fifth and Sixth Amendments require all elements of a charge, including any "sentencing factor" that increases the mandatory minimum sentence upon conviction, to be proven to a jury.  *Apprendi*, 530 U.S. at 484, 490; *Alleyne*, 570 U.S. at 106.  Only one "exceptional departure" from this rule has been

10

sanctioned, and it is inapplicable here; a judge can, without jury involvement, increase a sentence based on the mere fact *of* a prior conviction. *Apprendi*, 530 U.S. at 487–88; *see also Almendarez-Torres*, 523 U.S. at 226. That departure permits a court to consider only topics that "inhere in the fact of conviction" itself—the "nucleus" of "operative facts" that were necessarily resolved in reaching the prior conviction. *See Thompson*, 421 F.3d at 282–83. But this so-called *Almendarez-Torres* exception is vanishingly small; if the enhanced minimum turns on any extraneous facts—facts *about* the prior conviction—the issue must be given to the jury unless the relevant facts are otherwise affirmatively admitted-to by the defendant. *Apprendi*, 530 U.S. at 490; *see also Thompson*, 421 F.3d at 283 (noting the constitutional "line . . . between data inherent in a prior conviction and those facts extraneous to it"). As this Court has described it, only "facts established *through* a prior conviction are excepted from the Sixth Amendment jury trial right"—facts, in other words, that are "necessarily established for the conviction to have been valid." *United States v. Dean*, 604 F.3d 169, 172–73 (4th Cir. 2010); *see also United States v. Washington*, 404 F.3d 834, 839–40 (4th Cir. 2005) ("Sixth Amendment protections apply to a disputed fact . . . *about* a prior conviction.").

The limited nature of this exception is made plain by the exceptionally narrow range of materials a court can consider on its own. Per *Shepard*, a court can only review documents reflecting the facts essential to the conviction itself: the

11

indictment, statutory definitions, plea-related admissions (if any), and other "comparable" reflections of the proven facts in the last proceeding. *Shepard v. United States*, 544 U.S. 13, 26 (2005) (plurality opinion); *id.* at 26–27 (Thomas, J., concurring); *see Washington*, 404 F.3d at 840–41. As a general matter, "extra-indictment information" is off-limits. *Washington*, 404 F.3d at 842.

The district court here ran all these red lights. In conducting the actual-length-of-imprisonment and release-to-instant-offense determinations on its own, it impermissibly resolved facts *about* Mr. Lee's prior conviction using materials that played absolutely no role in convicting him. Worse, it only got there by expanding the *Almendarez-Torres* loophole to cover facts not just unavailable but *unknowable* in the prior proceedings. The district court's application of the mandatory minimum therefore violated Mr. Lee's due process and jury trial rights. The district court's sentence should be vacated with respect to Counts One and Five and the matter remanded for resentencing.

A.    Whether a defendant was previously convicted of a "serious drug felony" requires factfinding about the prior conviction.

The two fact-specific questions now required for an enhanced mandatory minimum under §§ 841 and 802(57)—the actual length the defendant served on the prior conviction and the time between the defendant's release and the commencement of the instant offense—are both, at most, facts *about* a prior conviction. Nothing about those questions can be resolved from the nucleus of

12

operative facts of the prior conviction itself. And neither question is "necessarily established for the conviction to have been valid." *Dean*, 604 F.3d at 172. Indeed, the facts necessary to answer those questions arise only *after* the defendant has been convicted, sentenced, incarcerated, and released back into general society. Consequently, the actual-length-of-imprisonment and release-to-instant-offense determinations necessary for an enhanced minimum under § 841 must be made by the jury. *See United States v. Fields*, 435 F. Supp. 3d 761, 764–65 (E.D. Ky. 2020).

These questions—and therefore this *Apprendi* problem—are new, appearing for the first time in 2018 with the passage of the First Step Act. Earlier versions of § 841 did not require any defendant-specific factfinding: the pre-2018 "felony drug offense" inquiry required only an assessment of the statutory maximum sentence available on the prior conviction—a sterile fact inherent to the conviction itself and one that could be resolved by looking solely at the charging documents and the statutes under which charges were brought. *See* 21 U.S.C. § 802(44) (2016); *see, e.g.*, *United States v. Higgins*, 557 F.3d 381, 398–99 (6th Cir. 2009). The new questions, by contrast, seek facts unique to the defendant himself.

More critically, both questions center on facts definitionally extraneous to the conviction itself because they involve future, contingent events that have not yet occurred. The actual amount of time a defendant will serve is unknowable at the time of conviction because a conviction (like Mr. Lee's New York prior here) only

13

conveys, at the very most, the statutorily authorized range of potential penalties. *See, e.g.*, N.Y. PENAL LAW § 70.71(2)(b)(ii). At the time of conviction, the sentence that will be imposed—let alone the sentence that will actually be served—is therefore unknowable. Even mandatory minimum sentences are imperfect guideposts, as a defendant generally serves less, often considerably less, than the statutorily-prescribed minimum. To take just a few examples, a defendant will generally have opportunities for good time, parole, and other credits, *see, e.g.*, N.Y. PENAL LAW § 70.40, and could receive a commutation, pardon, or other form of clemency, *see, e.g.*, N.Y. CONST. art. IV, § 4. And even if he doesn't get out early, his official sentence could be retroactively vacated, expunged, or otherwise modified after the fact—a sort of relief Mr. Lee argued that he received here. *See, e.g.*, N.Y. CRIM. PROC. LAW §§ 440.10, .20; JA 975–76, 984–85. Whether one or more of these reductions happened cannot be determined from the fact of conviction itself—and so the actual length of imprisonment is unknowable from the fact of conviction itself.

Determining the time between release and the commencement of the new offense requires even more extra-conviction factfinding; neither the start date nor the end date of that analysis can be constitutionally resolved by a district court under *Apprendi*. The start date—the day the defendant was "release[d]"—is undiscernible from the fact of conviction because, as discussed above, a conviction will only convey the potential range of penalties (and even then only imperfectly). 21 U.S.C.

14

§ 802(57).    The end date to the calculus—the day the "instant offense" "commence[d]"—is likewise impossible to know from the fact of the prior conviction.  *Id.*  The earlier proceedings will have had no occasion to consider, let alone definitively resolve, when the defendant might commence some new offense in the future.[3]  Starting a new offense is, in other words, completely unrelated to even the facts underlying the prior conviction.

Nor did the narrow admitted-to-facts exception from *Almendarez-Torres* permit the district court to sidestep the jury here.  As in *Washington*, Mr. Lee continues to contest the facts relied on by the district court, maintaining that the time he served on the New York conviction was effectively zero by virtue of a vacatur motion he filed in state court.  *Washington*, 404 F.3d at 843; JA 975–76, 984–85. *Contra Thompson*, 421 F.3d at 285 (concluding that a district court could consider whether a string of prior convictions constituted separate occasions as a matter of law in part because the defendant did not contest them). Since he has not intentionally relinquished his right to jury determination of these issues by admitting any dispositive facts to the district court, the "special circumstances" of *Almendarez-Torres* are inapplicable; the district court could not resolve the questions on its own. *Washington*, 404 F.3d at 843.

---

[3] In fact, the *current* jury might not have had any occasion to consider that question either, as the government ordinarily charges completed offenses—not merely commenced ones.

Reaching this conclusion poses no risk of embracing the "artificially narrow . . . approach" to the universe of facts of a conviction this Court warned of in *Thompson*. 421 F.3d at 282. "A conviction," that case cautions, "cannot . . . be reduced to nothing more than that the defendant was at some prior time convicted of some crime." *Id.* Rather, it fairly encompasses other "operative facts, such as the statute which was violated and the date of conviction." *Id.* Those "data" points are "as much a part of the conviction as the fact that twelve jurors agreed about the defendant's guilt." *Id.* at 282–83. Not so with respect to the questions newly posed by the First Step Act, which ask the factfinder to look beyond—well beyond—the proceedings that produced the prior conviction.

Because the facts necessary to make the post-conviction length-of-imprisonment and release-to-instant-offense calculations are unknowable from the mere fact of conviction itself, they were constitutionally required to be submitted to the jury. *Apprendi*, 530 U.S. at 490; *see Fields*, 435 F. Supp. 3d at 765. The district court's decision to answer them itself was therefore error, and this Court should vacate and remand for retrial or resentencing.

B.     Resolving whether a conviction is for a "serious drug felony" cannot be accomplished with *Shepard*-approved documents.

For similar reasons, the district court's factfinding exceeded the scope of materials it was permitted to consider under *Shepard*. The lone document the district court looked at to reach its length-of-imprisonment and release-to-instant-offense

findings—a certificate of incarceration—came into being approximately ten years *after* Mr. Lee was convicted. JA 82–83. It is not a charging instrument, statute, plea colloquy, or similar document reflecting the nub of the conviction itself. *Shepard*, 544 U.S. at 26. And so it was in no way "conclusively validated in the earlier proceeding." *Washington*, 404 F.3d at 840. It couldn't have been. It didn't exist yet. The district court therefore erred in using it.[4] This Court should vacate and remand for resentencing.

C.    The plain language of 21 U.S.C. § 851—which the district court read to require judicial factfinding—is irrelevant under the Supremacy Clause.

The statutory framework does not override the constitutional requirement that these questions be submitted to the jury. To be sure, where a defendant "denies any allegation of the information of prior conviction," § 851 directs the district court to "hold a hearing . . . before the court *without a jury*." 21 U.S.C. § 851(c)(1) (emphasis added). The district court here found this language persuasive, noting that the statute "requires the court to decide whether defendant has a prior conviction of a serious drug felony, including any necessary definitional components of such a prior conviction." JA 969; *see also* JA 970 ("Thus, these provisions make clear that

---

[4] It does not matter that the document might have been subject to judicial notice. Even materials reflecting publicly-available facts—including on subjects like the defendant's age—must be resolved by a jury. *Washington*, 404 F.3d at 841 n.9; *United States v. Allen*, 446 F.3d 522, 532 (4th Cir. 2006).

the fact 'of a prior conviction' encompasses a variety of subsidiary findings necessary to define or qualify that prior conviction.").

But assuming the district court's reading of § 851 is correct, what the statute says is irrelevant if it exceeds constitutional limits. The Constitution, not Congress, delimits the scope of judicial factfinding. *Apprendi*, 532 U.S. at 490; *United States v. Smith*, 451 F.3d 209, 224 (2006). As the *Apprendi* Court put it: "It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Id.* at 490 (quoting *Jones v. United States*, 526 U.S. 227, 252 (1999) (Stevens, J., concurring)) (alteration omitted). And for reasons already stated, judicial factfinding on the definitional components of "serious drug felony" under 21 U.S.C. § 841(b)(1)(A) transgresses the constitutional limits recognized in *Apprendi* and its progeny. The plain language of §§ 841 and 851 therefore is of no moment, and the district court erred by relying on these statutes to resolve a constitutional issue. These missteps subjected Mr. Lee to a mandatory minimum sentence of five years' additional imprisonment, an error the Court should rectify. *See Washington*, 404 F.3d at 843 ("In these circumstances, the sentence imposed by the district court as a result of the Sixth Amendment violation was longer than that to which he would otherwise be subject.").

D.    <u>The only other court to squarely consider this issue reached a</u>
<u>conclusion exactly opposite from the district court here.</u>

The district court's conclusion—that the Sixth Amendment permits judicial

factfinding of the "definitional components" at issue here—stands alone.  Indeed, it

appears only one other court has squarely considered the issue and that court

concluded that the precise opposite is true.  *See Fields*, 435 F. Supp. 3d at 763; *see*

*also United States v. Beal*, No. 18-cr-00070, 2021 WL 4524159, at *3 & n.6 (D.

Haw. Oct. 4, 2021) (observing the discord between *Fields* and the district court's

opinion in this case, while also noting its own "inclination to submit the . . . issue to

the jury" as the "more conservative approach").

In *Fields*, the court observed that the new "definition of a 'serious drug

felony'" under the First Step Act "obligates the government to prove two

additional facts *about* a prior conviction."  435 F. Supp. 3d at 763 (emphasis added).

These "additional facts," the court observed, go to "empirical issues, which rise or

fall based on events occurring only after the conviction," and so are "by definition

. . . beyond the 'fact' of conviction" and outside "the narrow *Almendarez-*

*Torres* harbor."  *Id.* at 764.  Thus, "*Alleyne* requires that the jury make findings about

the length of [the defendant's] prior imprisonment and the fifteen-year release

window."  *Id.* at 765.

In its decision below, the district court did not cite *Fields.*  Instead, it offered

four cases for the proposition that "cases that have addressed the issue since

19

enactment of the First Step Act have indicated that the court, not a jury, must determine whether the definitional components of §§ 802(57) have been met, under the established § 851 procedures." JA 971. But that assessment dramatically overreads those cases. In *United States v. Corona-Verduzco*, for instance, the defendant argued that "the district court failed to inquire about his past convictions," as required by § 851, "claiming prejudice because by his interpretation of the First Step Act, he has only one conviction, not two." 963 F.3d 720, 721–22 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 600 (2020). There was no discussion of whether the definitional components of a "serious drug felony" could constitutionally be determined by the court instead of a jury—indeed, no discussion of the Constitution at all.

So too in *United States v. Johnson*, No. 17-cr-00770, 2021 WL 260226, at *8 (N.D. Ill. Jan. 26, 2021). At issue there was whether the defendant's prior conviction "was categorically broader than the definition of 'serious drug felony' because its elements did not necessarily entail one of the types of conduct covered by federal law." *Id.* The *Johnson* court actually sustained the defendant's objections on that basis, ruling that the enhancement under the First Step Act was improper. *Id.* And while the court did conclude that "the Government had proved beyond a reasonable doubt the fact of conviction," *id.* at *1, there was again no discussion of whether the

20

Constitution permitted the definitional components of that conviction to be determined by a judge.

*United States v. Chavez*, 804 F. App'x 525, 526 (9th Cir. 2020), is also off the mark. There, the "parties agree[d] that the district judge did not comply" with the procedural requirements of § 851 and the Ninth Circuit vacated and remanded for resentencing. *Id.* The defendant challenged on appeal whether his prior conviction met the definition of a "serious drug felony," *id.*, but the question who ought to be the factfinder—judge or jury—was again never at issue.

Of the cases cited by the district court, only *United States v. Kendrick* is arguably apposite. There, the defendant argued that his "sentencing enhancement encompassed factual findings that are unconstitutional under the rules announced in *Alleyne* and *Apprendi*." 825 F. App'x 77, 79 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 2543 (2021). But in a single paragraph, the Third Circuit largely sidestepped the issue, noting only that "*Almendarez-Torres* is [still] good law." *Id.* at 79. "[E]ven assuming" a constitutional error, the court added, its review was for plain error and the fact of a qualifying prior conviction here was "essentially uncontroverted" both below and on appeal. *Id.* at 79–80. This appeal involves a more searching standard of review and factual findings that were directly challenged below. *Kendrick* has limited persuasive value.

## II.    *Almendarez-Torres* **was wrongly decided and should be overruled.**

Quite plainly, this Court is duty-bound to faithfully apply Supreme Court precedent.  This fact is far from fatal to Mr. Lee's appeal; vacatur of his sentence is in fact *required* by *Almendarez-Torres* and its progeny.  Nonetheless, should this Court determine that judicial fact-finding of the components of a "serious drug felony" is permissible because it falls within *Almendarez-Torres*'s "prior conviction exception," *Smith*, 451 F.3d at 224, Mr. Lee expressly reserves the argument that *Almendarez-Torres* was wrongly decided.

Mr. Lee would not be the first to so argue.  Indeed, since it was decided more than two decades ago, courts and commentators alike have continued to express doubts both about the decision's initial correctness and its ongoing viability.  *See, e.g.*, *Apprendi*, 530 U.S. at 489–90 (noting that "it is arguable that *Almendarez-Torres* was incorrectly decided," but continuing "to treat the case as a narrow exception to the general rule"); *Shepard,* 544 U.S. at 27 (Thomas, J., concurring) (noting that "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"); *United States v. Barrera*, 261 F. App'x 570, 571 (4th Cir. 2008) (noting "some uncertainty regarding the future vitality of *Almendarez-Torres*"); *United States v. Rodriguez-Garza*, 126 F. App'x 322, 324 (7th Cir. 2005) ("It is true that subsequent cases have whittled away at *Almendarez-Torres* and questioned its continuing viability."); Nancy J. King, *Sentencing and Prior Convictions: The Past,*

*the Future, and the End of the Prior-Conviction Exception to* Apprendi, 97 MARQ. L. REV. 523, 556 (2014) ("The Court was wrong to carve out this prior-conviction exception in *Apprendi*, and it was wrong in *Almendarez-Torres*."); Frank O. Bowman, III, *Debacle: How the Supreme Court Has Mangled American Sentencing Law and How It Might Yet Be Mended*, 77 U. CHI. L. REV. 367, 393 (2010) ("Whatever [Justice] Breyer's objectives, the result in *Almendarez-Torres* is wrong and the Court's reasoning dispiritingly lax.").

If necessary, and at an appropriate juncture, Mr. Lee aims to advance these same arguments here.

## CONCLUSION

For the foregoing reasons, Mr. Lee respectfully requests that the Court enter an Order vacating the sentence imposed by the district court and remanding for resentencing within constitutional limits.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Austin Kyle Lee believes that oral argument would substantially aid this Court in determining whether the district court was required to submit to the jury questions related to the definitional components of a serious drug felony under 21 U.S.C. §§ 802(57) and 841(b)(1)(A).

Dated: December 22, 2021          */s/ Nicholas J. Giles*

Nicholas J. Giles
George E. Rudebusch
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4760
F: (804) 698-2040
ngiles@mcguirewoods.com
grudebusch@mcguirewoods.com

Sean A. McClelland
MCGUIREWOODS LLP
888 16th Street N.W.
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
smcclelland@mcguirewoods.com

Arin Melissa Brenner
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
210 First Street NW
Suite 400
Roanoke, VA 24011
arin_brenner@fd.org

*Counsel for Appellant Austin Kyle Lee*

**CERTIFICATE OF COMPLIANCE**

1.    This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(A) because it contains fewer than 30 pages.

2.    This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in proportionally-spaced typeface using Microsoft Word, in 14-point size Times New Roman font.

*/s/ Nicholas J. Giles*
Nicholas J. Giles

*Counsel for Appellant*
*Austin Kyle Lee*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2021, I filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Nicholas J. Giles*
Nicholas J. Giles

*Counsel for Appellant*
*Austin Kyle Lee*