taf

United States Court of Appeals

For the Fourth circuit

No. 21-4299

7:18-cr-00153-FL-1

RECEIVED
2021 DEC 27 PM 3:22
U.S. COURT OF APPEALS
FOURTH CIRCUIT

United States of America

V.                                    Declaration of Inmate Filing

Austin Kyle Lee

    I, Austin Kyle Lee am an inmate confined in an institution. Today, December 17, 2021 I am depositing the Principal Pro se appeal brief in this case in the institutions internal mail system. First class Postage is being Prepaid by me. I declare under Penalty of Perjury that the foregoing is true and correct. 18 U.S.C 1746; 18 U.S.C 1621.

            A. Lee

            Austin Kyle Lee

            FCI Williamsburg

            P.O Box 340

            Salters, SC 29590

No. 21-4299

IN the United States court of Appeals

for the Fourth circuit


United States of America, (Appellee)

v.

Austin Kyle Lee,          (Appellant)


ON Appeal from the United states District court

for the Eastern District of North Carolina

Honorable Louise Wood Flanagan, District Judge;

Case No. 7:18-cr-153-FL


Opening Pro se Supplemental Brief of Appellant


Austin Kyle Lee

No. 65363056

FCI Williamsburg

P.O Box 340

Salters, SC 29590

# Table of Contents

|  | Page No. |
|---|---|
| Table of Authorities | 2 |
| Jurisdictional Statement | 4 |
| Statement of Issues | 5 |
| Statement of the Case | 6 |
| Standard of Review | 10 |
| Summary of Argument | 10 |
| Argument | 12 |
| Conclusion | 23 |
| Certificate of Compliance | 24 |
| Certificate of Service | 25 |

Table of Authorities

|  | Page No. |
|---|---|
| Fifth Amendment U.S. Const. amend. V. | 17, 18 |
| Sixth Amendment U.S. Const. amend. VI. | 15 |
| USSG 1B1.3 | 20, 21 |
| USSG 1B1.3(a)(2) | 20 |
| USSG 2D1.1 Application Note 5 | 20, 21, 22 |
| 18 U.S.C. 3161(c)(1) | 6 |
| 18 U.S.C. 3161(h) | 7 |
| 18 U.S.C. 3161(h)(1) | 7 |
| 18 U.S.C. 3161(h)(1)(F) | 7, 12 |
| 18 U.S.C. 3161(h)(3)(A) | 7 |
| 18 U.S.C. 3161(h)(3)(B) | 7, 14 |
| 18 U.S.C. 3161(h)(7)(B) | 13 |
| 18 U.S.C. 3161(h)(7)(C) | 7, 13, 14 |
| 18 U.S.C. 3162(a)(2) | 7, 14 |
| 18 U.S.C. 3501(a) | 5, 9, 18 |
| 28 U.S.C 1291 | 4 |
| 28 U.S.C. 1332(a) | 4 |
| Federal Rule of Appellate Procedure 4 | 4 |
| Federal Rule of Appellate Procedure 5 | 4 |
| Federal Rule of Criminal Procedure 52(a) | 10 |
| Jackson V. Denno, 378 U.S. 368 (1964) | 18 |
| United States V. Bell, 667 F.3d 431, 447-48 (4th Cir. 2011) | 22 |
| United States V. Bermudez Chavez, 473 Fed. Appx. 560, 562 (9th Cir. 2012) | 22 |
| United States V. Burrell, 634 F.3d 284 (5th Cir. 2011) | 14 |
| United States V. Carignan, 342 U.S. 36, 96 L. Ed. 48, 72 S. Ct. 97 (1951) | 18 |

United States v. Castle, 906 F.2d 134, 137 (5th cir. 1990)    12

United States v. Dollard, 780 F.2d 1118 (4th cir. 1985)    19

United States v. Douglas B. Phillips (W.D. Va 2018)    12

United States v. Foley, 906 F.2d 1261 (8th cir. 1990)    21

United States v. Inman, 352 F.2d 954, 956 (4th cir. 1965)    18

United States v. Jennette, 387 Fed. Appx. 303 (4th cir 2010)    16

United States v. Johnson, 114 F.3d 435, 443 (4th cir. 1997)    15

United States v. Mullen, 32 F.3d 891 (4th cir. 1994)    15, 16

United States v. Noone, 913 F.2d 20, 25 N.5 (1st cir. 1990)    12

United States v. Patterson, 277 F.3d 709 (4th cir. 2002)    14

United States v. Petton, 835 F.2d 1067, 1071 (4th cir. 1987)    18

United States v. Ruiz, 932 F.2d 1174 (7th cir. 1991)    20

United States v. Teff (E.D. NC March 12, 2020)    14

United States v. Turner, 602 F.3d 778, 782 (6th cir 2010)    12

Jurisdictional Statement

Mr. Lee appeals directly from his conviction and sentencing in the
Eastern District of North Carolina District Court which had jurisdiction of
this action pursuant to 28 U.S.C 1332(a)

The District court entered judgement on June 14, 2021 (DKT 236).
Mr. Lee timely appealed on the same day (DKT 235)
This court has jurisdiction over this appeal pursuant to 28 U.S.C 1291

Timeliness of Appeal for Review

This appeal for review is timely under the provisions of Rule 4 and 5
of the Federal Rules of Appellate Procedure because the Judgement/order
appealed from was entered on June 14, 2021 and the Notice of appeal
was filed on June 14, 2021

Appealability of Judgement

The Judgement appealed from is final within the meaning of 28 U.S.C
1291 because it disposes of all claims of all parties to this action.

Statement of Issues

1) Did the District court err by denying Mr. Lee's Motion to dismiss the indictment for a violation of the Speedy trial act 18 U.S.C. 3161? (Yes)

2) Did the District court err in denying Mr. Lee's Motion for substitute counsel? (DKT 138) and Defense counsel; Geoffrey Ryan Willis Motion to withdraw as Attorney of Record? (DKT. 136) (Yes)

3) Did the trial court err in its refusal to conduct a hearing Pursuant to Title 18 U.S.C 3501(a) concerning the Voluntariness of Defendants confession? (Yes)

4) Did the Sentencing court err in its application of the Sentencing guidelines in determining the drug weight and Quantity for which defendant was culpable? (Yes)

Statement of the case

ON October 9, 2018 Mr. Lee made his initial appearance in this matter before U.S Magistrate Judge Robert B. Jones, Jr. (Dkt. 6) The court appointed Federal Public Defender. ON November 28, 2018 Defense counsel Lauren H. Brennan filed a Motion to Continue arraignment. (Dkt. 18) That same day an order was issued granting 18 Motion to Continue Arraignment (Dkt. 20). ON July 2, 2019 Defense counsel James Ayers filed a Motion for Psychiatric examination of Mr. Lee (Dkt 68). ON July 8, 2019 68 Motion for Psychiatric examination was granted (Dkt. 70)

ON November 6, 2020 Mr. Lee was arraigned on seven drug related offenses. Mr. Lee entered a Plea of Not Guilty on all seven counts (Dkt. 128) At this time U.S Magistrate Judge Robert B. Jones, Jr. advised Parties will be contacted to schedule an administrative telephonic conference before District Judge Louise Wood Flanagan. ON November 12, 2020 Telephonic scheduling conference was held before District Judge Louise Wood Flanagan in New Bern, NC (Dkt. 132). ON December 3, 2020 Mr. Lee filed a Pro se Motion to Dismiss on speedy trial grounds (Dkt. 134). ON December 4, 2020 an order was issued denying 134 Pro se Motion to Dismiss on speedy trial grounds (Dkt. 135). ON December 21, 2020 Mr. Lee filed a Pro se Motion for Reconsideration regarding 135 order denying 134 Pro se Motion to Dismiss on speedy trial grounds. (Dkt. 137). That same day the District court issued an order denying 137 Pro se Motion for Reconsideration (Dkt 139). ON February 3, 2021 defendants Jury trial commenced. (Dkt. 178)

Under 18 U.S.C 3161(c)(1) = In any case in which a Plea of Not Guilty is entered, the trial of a defendant charged in an information or

indictment with the commission of an offense shall commence within seventy days from the date the defendant has appeared before a judicial officer of the court in which such charge is pending." Mr. Lee's trial did not commence until over two years after his initial appearance. However there are several exceptions which justify excluding time from the STA; under 18 U.S.C 3161(h)" the following periods of delay shall be excluded in computing the time within which the trial of any such offense must commence". The following authorities are of relevance to defendants position: See: 18 U.S.C 3161(h)(1) "Any period of delay resulting from other proceedings concerning the defendant, including but not limited to — 18 U.S.C 3161(h)(1)(F)" Delay resulting from transportation of any defendant to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendants arrival at the destination shall be presumed to be unreasonable".; 18 U.S.C 3161(h)(3)(A) reads "Any period of delay resulting from the absence or unavailability of the defendant or an essential witness"; 18 U.S.C 3161(h)(3)(B)" For purposes of subparagraph A of this paragraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial". 18 U.S.C 3161(h)(7)(C) which states "No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the courts calender, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the government"; and 18 U.S.C 3162(a)(2)" If a defendant is not brought to trial within

the time limit required by section 3161(c) as extended by 3161(h) the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).

Further on December 14, 2020 defense counsel Geoffrey Ryan Willis filed a motion to withdraw as Attorney of Record for Mr. Lee (Dkt. 136) Subsequently Mr. Lee filed on December 21, 2020 a Pro se motion to Appoint new counsel (Dkt. 138). A hearing on both these Motions was held before U.S. Magistrate Judge Robert B. Jones, Jr on December 22, 2020 (Dkt 140) followed by a written order issued on December 23, 2020 denying both motions 138 and 136 (Dkt. 141) Two months later on February 19, 2021 following defendants jury conviction, Attorney Geoffrey Ryan Willis filed his second motion to withdraw as Attorney of Record for Mr. Lee (Dkt. 203) with incorporated Memorandum in support (Dkt. 204). On March 1, 2021 order was issued denying 203 second motion to withdraw as Attorneys as to Mr. Lee signed by District Judge louise Wood Flanagan without conducting a hearing or making inquiry into the cause of conflict between counsel and Mr. Lee (Dkt. 208)

On February 8, 2021, a jury found Mr. Lee guilty of seven drug related offenses. During trial the government played for the jury Mr. Lee's confession which was given to authorities on February 6, 2018. Prior to the admission of Mr. Lees confession into evidence, Mr. Lee outside the presence of the jury objected to the admission of his confession into evidence and requested

a Judicial determination on the voluntariness of his confession, which the trial court denied. See: 18 U.S.C 3501(a) "Before such confession is received in evidence the trial Judge shall out of the Presence of the Jury determine any issue as to voluntariness".

On April 19, 2021 Mr. Lee filed his Pro se objections to Presentence Report. (Dkt. 220) On April 23, 2021 defense counsel filed objections to Presentence Report on behalf of Mr. Lee. (Dkt 221) The Presentence Investigation Report was filed with the District court on June 4, 2021 (Dkt. 226). Sentence in this matter was imposed on June 14, 2021 (Dkt. 232, 236) Mr. Lee appeals. (Dkt. 235)

## Standard of Review

In considering Speedy Trial Act arguments, appellate courts review the District Courts legal conclusions De Novo and its factual findings for clear error.

The appellate court reviews a District courts evidentiary rulings for abuse of discretion. Any evidentiary ruling is subject to harmless error review - Fed. R. Crim. P. 52(a).

The voluntariness of confessions is reviewed De Novo.

The appellate court reviews the District courts Calculation of the Quantity of drugs attributable to a defendant for sentencing Purposes for clear error.

## Summary of Argument

1. The District court erred by denying Mr. Lee's Motion to dismiss the indictment for a violation of the Speedy trial Act. Mr. Lee's speedy trial Act rights were Violated because of the delay between his initial appearance and trial. Defendants conviction should be vacated and remanded to the District to determine if Dismissal shall be with or without Prejudice.

2. Appellants conviction should be vacated and remanded for the appointment of a New lawyer and New trial because the District court abused its discretion in denying Mr. Lee's Motion to substitute counsel and counsels consecutive Motions to withdraw as Attorney of Record.

3. The trial court erred in its handling of the testimony concerning the Voluntariness of Mr. Lee's confession by refusing to permit Mr. Lee to testify outside the Jurys Presence about the circumstances surrounding the giving of his statement thus constituting reversible error. Mr. Lees

conviction shall be vacated and remanded for a new trial without the use of his confession.

4| The District court committed clear error when it used the 9,911.89 kilograms of converted drug weight adopted from the Presentence Investigation report to determine Mr. Lee's base offense level. Defendants sentence in counts one and five of the indictment shall be vacated and this matter remanded to the District court for resentencing based on a finding of 482 kilograms of converted drug weight.

## ARGUMENT

1. A Defendants Trial Must commence within seventy days from the date the defendant has appeared before a Judicial officer.

Mr. Lee Made his initial appearance in this Matter on October 9, 2018, at such time the speedy trial clock began to run. On November 28, 2018 Mr. Lee's attorney filed a Motion to withdraw which stopped Mr. Lee's STA Clock. That time period tolled a total of 49 non excludable days from the STA calculation.

On July 2, 2019 counsel for Mr. Lee filed a Motion for Psychiatric examination (Dkt. 68). The District court granted 68 on July 8th, 2019 (Dkt. 70) which ordered the defendant to the custody of the attorney general and hospitalized for Psychiatric examination. Dkt. 70 triggered Title 18 U.S.C. 3161(h)(1)(F) which reads "Transportation to and from the Place of examination is Not to exceed Ten days". Mr. Lee arrived at the Place of examination on July 24, 2019. Thus, the period from July 18, 2019 to July 23, 2019 is non excludable from Mr. Lee's STA clock, calculating a total of 54 days toward his STA calculation. See: United States V. Douglas B. Phillips (W.D. Va. 2018). Mr. Lee's evaluation concluded on September 6, 2019 and he was Not received back into the Eastern District of North carolina until September 18, 2019. Therefore, September 17, 2019 is counted towards Mr. Lee's non excludable STA calculation. See: United States V. castle, 906 F. 2d 134, 137 (5th cir 1990); United States V. Noone, 913 F. 2d 20, 25 N.5 (1st cir. 1990); United States V. Turner, 602 F. 3d 778, 782 (6th cir. 2010) "Any time over Ten days spent transporting the defendant to his Psychiatric examination is considered unreasonable and should Not be excluded."

Mr. Lee was then arraigned in this matter on November 6, 2020 which triggered the speedy trial clock to run. The telephonic scheduling conference came before the court on November 12, 2020 bringing Mr. Lee's speedy trial clock to a total of 61 non excludable days. At scheduling conference the court advised parties that Mr. Lee's trial for speedy trial matters could not be conducted no later than November 19, 2020. See (Dkt. 133) The court calculated 64 non excludable days toward Mr. Lee's STA clock.

On November 13, 2020 the court ordered an "Ends of Justice" continuance excluding all time from speedy trial computation through January 28, 2021. However this continuance did not conform to the considerations mandated by statute. See: 18 U.S.C 3161(h)(7)(B). 133 focused on complexity of the case and time reasonably required by the parties to prepare. However, Mr. Lee's case was never designated as complex and 133 makes no mention of any factors to support complexity. The prosecution involved only Mr. Lee, there were no complicated series of charges, Discovery was not voluminous or complicated and Mr. Lee's competence was not at issue. In sum there was nothing unusual about the nature of prosecution.

Counsel for Mr. Lee advised the court during conference that Mr. Lee was able to proceed to trial as soon as the courts schedule allows. Yet conflict with the courts schedule is not a permissible remedy for excluding time from speedy trial computation. See: 18 U.S.C 3161(h)(7)(C) "No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the courts calender ..." The court then inquired about a December 28, 2020 trial date, which was not in compliance with the speedy trial requirement

The government represented to the court December 28, 2020 would present challenges for trial preparation due to the obtaining of witnesses. However 18 U.S.C 3161(h)(7)(c) reads "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the government" is not excludable from speedy trial computation. And the speedy Trial Act requires the government to show an exercise of Due Diligence for obtaining witnesses which was not done. See: 18 U.S.C 3161(h)(3)(B); United States V. Patterson, 277 F.3d 709 (4th cir. 2002); 18 U.S.C 3162(a)(2) "The government shall have the burden of going forward with the evidence in connection with any exclusion of time under 3161(h)(3)"

The government failed to present evidence showing that the witness presence could not be obtained through its reasonable efforts, which required a showing by testimony or affidavit that the government made a reasonable effort to use the resources at its disposal to bring the witness to trial. See: United States V. Burrell, 634 F.3d 284 (5th cir. 2011). Due to the government presenting no evidence that it made reasonable efforts to secure an essential witness presence, the government did not satisfy the "Due Diligence" requirement of the Speedy trial Act which allows delay for unavailable essential witnesses.

Finally, in United States V. Teyf E.D.N.C (March 12, 2020) the court declined to continue the court specifically declined to continue trial based on defendants Covid-19 concerns. Therefore, the "Ends of Justice" continuance granted on November 13, 2020 by the District court is foreclosed and Mr. Lee's right to a speedy trial in violation of 18 U.S.C 3161 has occurred.

2. The District court abused its discretion in denying Mr. Lee's Motion for Substitute counsel and counsels Motions to withdraw as Attorney of Record.

ON December 14, 2020 Geoffrey Ryan Willis counsel for Mr. Lee filed a Motion to withdraw. This was followed by Mr. Lee's Pro se Motion to Appoint New counsel filed on December 21, 2020. Both Motions were filed almost 2 Months Prior to the commencement of Mr. Lee's trial which began on February 3, 2021. Both Mr. Lee and his Attorney represented to the court during a hearing held regarding 136 and 138 that there was a complete breakdown in communication between them denying Mr. Lee's rights secured by the Sixth Amendment to the U.S constitution.

IN United States v. Mullen, 32 F. 3d 891 (4th cir. 1994) the Fourth circuit concluded that the District court abused its discretion in denying counsels Motion to withdraw. IN so holding the court outlined 3 Factors to be used in determining whether the District court abused its discretion: 1) Timeliness of the Motion. 2) Adequacy of the courts inquiry. 3) Whether the attorney client conflict was so great that it resulted in a total lack of communication Preventing an adequate defense. But see: United States v. Johnson, 114 F. 3d 435, 443 (4th cir 1997) "A total lack of communication is not required, rather an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the Necessary inquiry"

Mr. Lee's Motion was timely as well as counsels Motion to withdraw. There was Nothing in the record evencing that delay would result from Substitution and at hearing 140 Mr. Lee shown good cause as to why he should receive Substitute counsel. The court was Made aware that

Mr. Lee had viable Brady and Discovery concerns, counsel failed to file a Motion to suppress pursuant to Franks v. Delaware and counsel conceded that from his analysis a speedy trial violation occurred yet was unwilling to exhaust the appropriate remedy forthwith denying Mr. Lee a constitutionally adequate defense.

As to the second factor, the District court failed to inquire thoroughly into the factual basis of Mr. Lee's satisfaction as obligated. See: Mullen, 32 F. 3d at 896. counsel at no time explained his position on Mr. Lee's concerns and the court did not compel him to. Thus, when the court denied these Motions based on its concerns that Mr. Lee may continue to have opposed views on the law with a successor attorney if provided it fell short of their obligations and forced Mr. Lee to proceed with Ineffective Assistance of counsel

As to the third factor, both Mr. Lee and counsel represented that further representation prevented an adequate defense. Mr. Lee advised that he had not spoken to counsel in months, a point which the court disregarded. In regards to counsels second Motion to withdraw 203, the court failed entirely to inquire into the factual basis for such Motion. In sum a review of the three factors here show the District court abused its discretion by not appointing a new Attorney for Mr. Lee. Therefore Mr. Lee's conviction shall be vacated and remanded for the appointment of a new lawyer and new trial or Resentencing. See: U.S v. Jennette, 387 Fed. Appx. 303 (4th cir. 2010)

3. The trial court committed reversible error when it refused to permit Mr. Lee to testify outside the jurys presence about the facts surrounding the involuntary nature of his confession.

On February 2, 2018 Mr. Lee was arrested by officers from the Onslow County Sheriffs office office and F.B.I task force at 1:34 PM. Mr. Lee was transferred to the sheriffs office at 6:35 PM and at 7:12 PM Officer Gilbert Dekrosa (F.B.I) and Aaron Hernandez attempted to interview Mr. Lee, Mr. Lee refused to sign a waiver of rights form and invoked his Fifth Amendment right to counsel and silence. Mr. Lee was brought before a Magistrate at 11:00 PM.

On February 4, 2018 Attorney Stuart Popkin made contact with Mr. Lee at the Onslow county detention center advising Mr. Lee that law enforcement authorities would like to speak to him. Officer Hernandez text Stuart Popkin who was not Mr. Lees court appointed nor retained attorney" Tell Mr. Lee to write a letter to Detective Hernandez" Mr. Lee then wrote a letter given to Stuart Popkin which read "Upon receipt of this letter I will like to speak to you at the earliest convenience".

On February 6, 2018 Authorities reinitiated communication with Mr. Lee. Mr. Lee was taken from his cell by Onslow County Detention center officers to an interview room where Officer Aaron Hernandez and Chris Fidler awaited. Mr. Lee waived his Miranda rights and was interrogated for approximately 4 hours where incriminating statements were made before being returned to his cell. Mr. Lee was handcuffed throughout the entire interview, not given anything to eat or drink, informed Detectives he needed medical treatment for difficulty breathing and officers promised to release Mr. Lee pending the criminal proceedings. Detectives giving the interview were armed and there was no lawyer present for Mr. Lee

Making his will overborne and capacity for self determination critically impaired. See: United States v. Pelton, 835 F.2d 1067, 1071 (4th cir. 1987)

At trial Mr. Lee objected to the admission of his confession into evidence and requested a voluntariness determination. See: 18 U.S.C 3501(a) "Before such confession is received in evidence the trial Judge Shall out of the presence of the Jury determine any issue as to voluntariness". The trial courts refusal to allow Mr. Lee to testify outside the Jurys presence about the circumstances surrounding his statement constitutes reversible error. Mr. Lee was forced to take the stand to suggest to the jury that his confession was made involuntary. The trial courts handling of the question of voluntariness surrounding Mr. Lee's statement 1) Denied his right to testify about the confession outside the presence of the jury. 2) failed to afford Mr. Lee a fair hearing and reliable determination on the voluntariness issue; and 3) abridged his Fifth Amendment privilege against self incrimination by effectively coercing him to testify at trial.

In United States v. Carignan, 342 U.S. 36, 96 L. Ed. 48, 72 S.ct. 97 (1951) The Supreme court found reversible error when the trial court refused to permit a defendant to testify outside the Jurys presence to facts surrounding the involuntary nature of his confession.

In Jackson v. Denno, 378 U.S. 368 (1964) "The Supreme court held that a defendant has a constitutional right to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness."

The Fourth circuit stated in United States v. Inman, 352 F.2d 954, 956 (4th cir. 1965) "To assure the accused complete protection the procedure should substantially be like this, on proffer of the confession, even though there be no objection the court should let the jury withdraw, and then

take evidence upon the confession and its factual setting. On this voir dire the defendant may testify without prejudice to his privilege not to take the stand before the jury, but he may be examined or cross examined only with regard to the origin and character of the confession, not upon his innocence or guilt. The court will thereupon independently determine whether the confession is admissible. In INMAN the court reversed the defendants conviction and ordered a new trial for failure of the trial court to follow this formula. Under the circumstances presented by Mr. Lee's case the foregoing principles were violated. See: United States v. Dollard, 780 F.2d 1118 (4th cir. 1985). This error can only be remedied by vacating Mr. Lee's conviction and requiring a new trial.

4. Only the drugs actually seized in this matter could properly be considered in establishing Mr. Lee's base offense level.

Guidelines Section 1B1.3 instructs the sentencing court to consider when it is calculating base offense level and making adjustments various categories of relevant conduct, including all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction. U.S.S.G 1B1.3(a)(2). Guidelines Section 2D1.1 application Note 5 in turn provides in relevant part that "If however the defendant establishes that the defendant did not intend to provide or purchase or was not reasonably capable of providing or purchasing, the agreed upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that the defendant did not intend to provide or purchase or was not reasonably capable of providing or purchasing" thus, under these provisions Mr. Lee's base offense level should have been calculated based on 9,911.89 kilograms of marijuana if that amount was under negotiation in an uncompleted distribution and Lee intended to produce or was reasonably capable of producing that amount. It was the governments burden to prove these elements by a preponderance of the evidence, which they failed to do. see: United States v. Ruiz, 932 F. 2d 1174 (7th cir. 1991)

According to the evidence the only drug activity related to Mr. Lee involved amounts actually seized, a total of 164.4 grams of a mixture of fentanyl and heroin, 354.4 grams of cocaine and 110.6 grams of marijuana, establishing a base offense level of 26; 482 kg. of marijuana. Mr. Lee never arranged the details of a drug sale involving

20 kilograms of cocaine or 5.46 kilograms of heroin. Law enforcement did not identify any sources of supply where Mr. Lee could have obtained the controlled substances from. There is no evidence of a recorded conversation involving narcotics, no coconspirators or witnesses at trial made any statements to law enforcement or under oath implying Mr. Lee was responsible for producing the unseized drug amounts, there is no evidence of any buyer for such amount nor evidence of any kind that Mr. Lee had in his possession or access to that amount of cocaine, heroin and marijuana.

Mr. Lee's statement to law enforcement is insufficient to sustain a drug quantity finding of 9,911.89 kilograms of marijuana attributable for sentencing purposes. Assuming otherwise then had Mr. Lee said to law enforcement "I distributed tons of cocaine and heroin" then he could have been held accountable for those amounts, a result that could not have been intended by guidelines section 1B1.3 and 2D1.1. Therefore, the District courts sentence calculation utilizing the unseized drug amounts is reversible error. See: United States V. Foley, 906 F.2d 1261 (8th cir. 1990) "Reversing District courts finding that additional two ounces of cocaine were "negotiated" where conversation mentioning these quantities did not have the specificity that attended the other drug transactions"

The amount of narcotics the district court concluded Mr. Lee was accountable for at sentencing was premised solely on the basis of his uncorroborated confession made to authorities on February 6, 2018 which he recanted at trial. It was law enforcement who brought up the quantity's of controlled substances Mr. Lee had purchased and not even in the context of a sale. The government presented no evidence other than Mr. Lee's uncorroborated confession to establish drug quantity and a

confession without additional corroborative evidence is insufficient to hold Mr. Lee accountable for the unseized drug amounts. See: United States v. Bell, 667 F.3d 431, 443-48 (4th cir. 2011)

Mr. Lee's intent or capability to provide or purchase was something the sentencing court should have taken into account in determining sentence. See: United States v. Bermudez Chavez, 473 Fed. Appx. 560, 562 (9th cir. 2012) It is clear from the emphasized language that 2D1.1 contemplates that the court itself is to make findings as to whether the defendant intended to produce the amount under negotiation and was reasonably capable of producing that amount. At trial Mr. Lee testified that he lied to authorities in regards to all drug activity and at sentencing Mr. Lee objected to the district courts determination of drug quantity and asked the court to make findings as to his intent and ability urging the court to sentence him on the basis of 482 kilograms of converted drug weight which the district court declined. Mr. Lees base offense level should be calculated on the basis of the amount of narcotics actually seized in this matter.

## CONCLUSION

Accordingly, Austin Kyle Lee respectfully requests that this court enter an order vacating the conviction in this matter and remand to the district court for a new trial or in the alternative remand for resentencing as deemed appropriate.

Date: December 17, 2021

A. Lee

Austin Kyle Lee
FCI Williamsburg
P.O Box 340
Salters, S.C 29590

Certificate of Compliance

I, Austin Kyle Lee am the appellant in this appeal. I certify that the Principal Brief complies with the type volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because the Brief contains No More than 13,000 words used to prepare the brief

Date: December 17, 2021

A. Lee

Austin Kyle Lee
FCI Williamsburg
P.O Box 340
Salters, SC 29590

Certificate of Service

Pursuant to the provisions of Rule 25(d)(2) of the Federal Rules of Appellate Procedure, I certify that Austin Kyle Lee's opening Brief was filed on December 17, 2021. On that date the foregoing was placed in a sealed envelope addressed to the Clerk of the United States Court of Appeals for the Fourth Circuit and deposited in the United States Postal Service with 1st class postage fully prepaid.

A. Lee

Austin Kyle Lee
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

Austin Kyle Lee # 65363056
F.C.I Williamsburg
P.O BOX 340
Salters, S.C 29590

Clerks office
United States court o
For the fourth
1100 East Main St
Richmond, vir



INSPECTED
DEC 27 2021

f Appeals
circuit
reet Suite #501
ZiNia 23219