# No. 21-4299

# United States Court of Appeals for the Fourth Circuit

---

**UNITED STATES OF AMERICA,**
*Appellee,*

***v.***

**AUSTIN KYLE LEE,**
*Appellant.*

---

*On Appeal from the United States District Court for the Eastern District of North Carolina*

---

### *CORRECTED* SUPPLEMENTAL JOINT APPENDIX PAGES 1104 TO 1116

---

DANIEL P. BUBAR
*Attorney for the United States*
*Acting under Authority Conferred*
*By 28 U.S.C. § 515*

DAVID A. BRAGDON
LUCY PARTAIN BROWN
*Assistant United States Attorneys*
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone: (919) 856-4530

NICHOLAS J. GILES
*McGuire Woods, LLP*
Richmond, Virginia

Arin Melissa Brenner
*Assistant Federal Public Defender*
Roanoke, Virginia

*Attorneys for Appellee*

*Attorneys for Appellant*

# CONTENTS OF SUPPLEMENTAL JOINT APPENDIX

**PAGE NO.**

**Trial Exhibit 83**......................................................................................1104
    Defendant's Certified Prior Conviction

Trial Exhibit 84
    Defendant's Certificate of Incarceration ............................................... 110

Clip 7 from Trial Exhibit 91
    Video-recorded interview
    (placeholder for video exhibit)..........................................................1113

Clip 13 from Trial Exhibit 91
    Video-recorded interview
    (placeholder for video exhibit)..........................................................1114

Transcript of Clip 7 from Trial Exhibit 91 ..................................................1115

Transcript of Clip 13 from Trial Exhibit 91.................................................1116

# The People of the State of New York:

## BY THE GRACE OF GOD FREE AND INDEPENDENT

To all to whom these presents shall come or may concern, GREETING:

**Know Ye**, That we having examined the records and files in the office of the Clerk of the County of New York and Clerk of the Supreme Court of said State for said County, do find a certain

**Indictment 5488N-2010**, filed by the Grand Jury of the County of New York accusing one Austin Lee of the crime of Criminal Sale of a Controlled Substance 1st Degree, in violation of Penal Law §220.43 (1) and other related crimes,

there remaining, in the words and figures following, to wit:

**Indictment and Certificate of Disposition.**



Government's Exhibit
83
7:18-CR-00153-FL-1

    All of which we have caused by these presents to be exemplified and the Seal of our said County and Supreme Court to be hereunto affixed.

    Witness, Hon.    Laura A. Ward ,    a Justice of the Supreme Court of the State of New York for the County of New York, the    15th    day of    January    in the year of our Lord two thousand and    twenty    one, and of our independence the two hundred and    forty-four.

*Milton Adair Tingling*

County Clerk and Clerk of the
Supreme Court, New York County.

    I,    Hon. Laura A. Ward    a Justice of the Supreme Court of the State of New York for the County of New York, the same being a Court of Record, do hereby certify that the foregoing attestation is in due and proper form and by the proper officer.

PT.71   JAN 1 5 2021   HON. LAURA A. WARD

*Laura A Ward*

Dated, New York,    January 15, 2021

Hon. Laura A. Ward

Justice of the Supreme Court
of the State of New York.

State of New York,    } ss.:
County of New York    }

    I, MILTON ADAIR TINGLING, County Clerk and Clerk of the Supreme Court of the State of New York, County of New York, do hereby certify that Hon.    Laura A. Ward,    whose name is subscribed to the preceding certificate is a Justice of the Supreme Court of said State in and for the County of New York, duly elected and qualified, and that the signature of said Justice to said certificate is genuine.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said County and Court this    15th    day of    January    2021

*Milton Adair Tingling*

County Clerk and Clerk of the
Supreme Court, New York County.

No.    5917



S.J.A. 1105

SUPREME COURT OF THE STATE OF NEW YORK
CITY OF NEW YORK
COUNTY OF NEW YORK
CRIMINAL TERM: SPECIAL NARCOTICS PARTS

THE PEOPLE OF THE STATE OF NEW YORK

-Against-

Austin Lee,

Defendant.

DATE JAN 1 5 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

THE GRAND JURY OF THE SPECIAL NARCOTICS COURTS OF THE CITY OF NEW YORK, by this indictment, accuses the defendant of the crime of CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, P.L. §220.43(1), committed as follows:

The defendant, in the County of New York, City of New York, on or about November 16, 2010, knowingly and unlawfully sold one or more preparations, compounds, mixtures and substances containing a narcotic drug, to wit, cocaine, and said preparations, compounds, mixtures and substances were of an aggregate weight of two ounces or more.

SECOND COUNT

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN THE SECOND DEGREE, P.L. §220.41(1), committed as follows:

Said defendant, in the County of New York, City of New York, on or about November 16, 2010, knowingly and unlawfully sold to a police officer known to the Grand Jury one or more preparations, compounds, mixtures and substances containing a

S.J.A. 1106

narcotic drug and the preparations, compounds, mixtures and substances were of an aggregate weight of one-half ounce or more.

THIRD COUNT

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE, P.L. §220.16 (1), committed as follows:

Said defendant, in the County of New York, City of New York, on or about November 16, 2010, knowingly and unlawfully possessed a narcotic drug, to wit, cocaine, with intent to sell the same.

FOURTH COUNT

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of RESISTING ARREST, P.L. §205.30, committed as follows:

Said defendant, in the County of New York, City of New York, on or about November 16, 2010, intentionally prevented and attempted to prevent a a police officer known to the Grand Jury from effecting an authorized arrest of himself.

BRIDGET G. BRENNAN
Special Assistant District Attorney

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.         JAN 1 5 2021

*[signature]*
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

S.J.A. 1107

```
Counsel    SPECIAL NARCOTICS GRAND JURY        5488N-2010
           DATE SIGNED - FILED  NOV 26 2010
           PART 2                               PM-2 #14
                                                No. 2010NY085566

                                           Adjourn Date Part 23--12/13/10
```

Filed 26th day of November, 2010    THE PEOPLE OF THE STATE OF NEW YORK

Pleads

-against-

Austin Lee,

Bail                                                    Defendant.

INDICTMENT

CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN
    THE FIRST DEGREE
CRIMINAL SALE OF A CONTROLLED SUBSTANCE IN
    THE SECOND DEGREE
CRIMINAL POSSESSION OF A CONTROLLED
    SUBSTANCE IN THE THIRD DEGREE
RESISTING ARREST

ADA BRZESKI/PART 70/80

P.L. §220.43(1), P.L. §220.41(1), P.L.
§220.16(1), P.L. §205.30

BRIDGET G. BRENNAN
Special Assistant District Attorney

A TRUE BILL

Foreperson

S.J.A. 1108

| Certificate #: C-000000583-N | New York County Supreme Ct/CRM | Page 1 of 1 |
|---|---|---|
| | | NO FEE |

The People of the State of New York
vs.
**AUSTIN LEE**

**Certificate of Disposition**
Docket/Case Number:  **05488N-2010**
Summons Number:

Defendant DOB: **05/09/1990**    Incident Date: **11/16/2010**    Arrest Date: **11/16/2010**    Arraignment Date: **12/13/2010**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York County Supreme Ct/CRM** concerning the above entitled matter and finds the following:

| Number of Charges | Sentence Charge | Charge Weight | Charge Description | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|
| 1 | PL 220.41 01 2nd Degree | AF | CRIMINAL SALE OF A CONTROLLED SUBSTANCE | Pled Guilty | Conv: 07/11/2011 Sent: 10/31/2011 | • Determinate Imprisonment 6 Years<br>• Post-Release Parole Supervision 5 Years<br>• License Suspended 6 Months |

Weight of Charge:   I-Infraction, V-Violation, M-Misdemeanor, AM-'A'Misdemeanor, BM-'B'Misdemeanor, UM-Unclassified Misdemeanor
AF-'A'Felony, BF-'B'Felony, CF-'C'Felony, DF-'D'Felony, EF-'E'Felony

JAN 1 5 2021

Date                                    Clerk of the Court

**CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL**

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

JAN 1 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Pursuant to Judiciary Law § 212.2(z), a certificate of disposition for the public contains only records of convictions, if any, and information about pending cases.
Charges shown may not be the same as the original arrest charges

Marijuana convictions under PL § 221.05 or 221.10 are vacated, dismissed and expunged as of August 28, 2019. The court system is in the process of updating its records, but in the meantime, it is an unlawful discriminatory practice, unless specifically required or permitted by statute, for any entity to make any inquiry about an expunged conviction or to use an expunged conviction adversely, whether in any form of application or otherwise, against such individual.

Pursuant to section 70.15 of the Penal Law, any misdemeanor sentence with a jail term of "1 year", "12 months", "52 weeks", or "365 days" is, by operation of law, deemed to be a sentence of 364 days. Any Certificate of Disposition indicating a jail sentence of "1 years", "12 months", "52 weeks", or "365 days" for a misdemeanor conviction shall be interpreted as a sentence of 364 days.

CPL 160.55: Official records related to the arrest and prosecution on file with the Division of Criminal Justice Services, police agencies and/or the prosecutor's office are sealed, however, court records remain available for public inspection.

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]

New York State Unified Court System
Generated 01/15/2021

S.J.A. 1109



**Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

# NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## CERTIFICATE OF INCARCERATION

STATE OF NEW YORK
COUNTY OF ALBANY

I, Lisa McAndrews, Inmate Records Coordinator of the Department of Corrections and Community Supervision, do hereby certify that it appears from an examination of the records on file in this department that:

Austin Leel NYSID # 00734122-R, DIN 11R0090, DOB 05/09/1990, was convicted in Supreme Court, County of New York, of Criminal Possession of a Controlled Substance in the 4th Degree and was sentenced on December 23, 2010 to a term of incarceration, the minimum of which was not less than zero years, the maximum of which was not more than two years. Ind # 10528-10

Austin Leel NYSID # 00734122-R, DIN 11R0090, DOB 05/09/1990, was convicted in Supreme Court, County of New York, of Criminal Sale of a Controlled Substance in the 2nd Degree and was sentenced on October 31, 2011 to a term of incarceration, the minimum of which was not less than zero years, the maximum of which was not more than six years. Ind # 5488-10

Austin Lee was incarcerated under the jurisdiction of the Department of Correctional Services during the following periods of time:

| FROM | TO |
|---|---|
| 01/10/11 | 12/23/15 (Conditional release to Parole) |

Government's Exhibit
84
7:18-CR-00153-FL-1

S.J.A. 1110

[signature]

Lisa McAndrews, Acting Inmate Records Coordinator II

New York State Department of Corrections and Community Supervision

As evidence thereof, I have hereunto set my hand and affixed the seal of the New York State Department of Correctional Services, this day of January 15, 2021

SWORN TO ME ON THE 15th Day of January, 2021

[signature]

DIANA TABORDA
Notary Public, State of New York
No. 01TA6196421
Qualified in Ulster County
Commission Expires Dec. 29, 2024

NOTE: THIS CERTIFICATE DOES NOT CONTAIN REFERENCES TO ANY YOUTHFUL OFFENDER ADJUDICATIONS WHICH MAY OR MAY NOT BE APPLICABLE TO THE INDIVIDUAL WHO IS THE SUBJECT OF THIS CERTIFICATE.

S.J.A. 1111

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _Lisa McAndrews_ (Name), attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct.

I am employed by _NYS DOCCS_ (Organization Name), and my official title is _IRC 1_. I am a custodian of records for _NYS DOCCS_ (Organization Name). I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of _NYS DOCCS_ (Organization Name), and that I am the custodian of the attached records consisting of __2__ pages.

I further state that:
    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;
    b. such records were kept in the ordinary course of a regularly conducted business activity of _NYS DOCCS_ (Organization Name); and
    c. such records were made by _NYS DOCCS_ (Organization Name) as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_1/15/21_           _[signature]_
Date                    Signature

Trial Exhibit 91 (clip 7)
Video-recorded interview
(placeholder for video exhibit)

S.J.A. 1113

Trial Exhibit 91 (clip 13)
Video-recorded interview
(placeholder for video exhibit)

S.J.A. 1114

Transcript of Trial Exhibit 91, Clip 7

OFFICER HERNANDEZ: All right. Yeah, you know the -- notebook that you had in your, it was a lot of, uh, you're very articulate and all that.

DEFENDANT LEE: That was a notebook, that notebook, um, I did some time in prison –

OFFICER HERNANDEZ: Um-hum.

DEFENDANT LEE: and um, that book I did quite some time, like over 5 years –

OFFICER HERNANDEZ: You were in prison for 5 years?

DEFENDANT LEE: Yes.

OFFICER HERNANDEZ: Okay. I didn't know that.

Transcript of Trial Exhibit 91, Clip 13

OFFICER FIDLER:  Okay. You said you'd done some time in New -- in New York in prison. What'd you do time for? You said about five years.

DEFENDANT LEE:  Criminal sale of controlled substance.

OFFICER FIDLER:  What -- what substance was that?

DEFENDANT LEE:  Cocaine.

OFFICER FIDLER:  Coke?

DEFENDANT LEE:  Yes.