U. S. Department of Justice

*Michael F. Easley, Jr.*
United States Attorney
Eastern District of North Carolina

*Telephone (919) 856-4530*
*Criminal FAX (919) 856-4487*
*Civil FAX (919) 856-4821*
*www.usdoj.gov/usao/nce*

March 13, 2024

The Honorable Nwamaka Anowi
Clerk, United States Court of Appeals
 for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, Virginia 23219

      Re:   *United States v. Austin Kyle Lee*
              Case No. 21-4299
              Rule 28(j) Letter

Dear Ms. Anowi:

      The government argues any error here was harmless because the omitted elements were "uncontested" at trial and "supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." *Neder v. United States*, 527 U.S. 1, 2 (1999); *see* Response Brief at 19. At argument, the Court inquired about the meaning of "uncontested" because Defendant offered unsubstantiated assertions at sentencing—uncredited by the court and undermined by evidence—that his predicate offense had been vacated. J.A. 982–86.

      With apologies for our delayed timing, the government has since found where this Court held that contesting the evidence does not end the inquiry. In *Brown*, the Court held "if the defendant contested the omitted element, *Neder* mandates a second inquiry": "whether the record contains evidence that could rationally lead to a contrary finding with respect to that omitted element." *United States v. Brown*, 202 F.3d 691, 700–01 (4th Cir. 2000) (internal quotation marks omitted).

      A few years ago, this Court held that *Brown* provided "three scenarios that would permit" finding a defendant was not prejudiced by an omitted element. The first does not apply here; the second is the *Neder* standard above; and the third is that "the element was genuinely contested, but there is no

evidence upon which a jury could have reached a contrary finding." *United States v. Medley*, 972 F.3d 399, 413 (4th Cir. 2020) (superseded by 34 F.4th 326 (4th Cir. 2022)); *see also United States v. Ramos-Cruz*, 667 F.3d 487, 496 (4th Cir. 2012).

Here, there was no evidence upon which a jury could have found Defendant's predicate was vacated. He did not contest anything about the conviction records at trial, which *Brown* and *Medley* require. J.A. 609. Indeed, he admitted to it. J.A. 749. Moreover, he had no substantiation for the claim that it had been vacated, and the document itself bore indicia it had not. J.A. 982–83; J.A. 984 ("Your Honor, I don't have any documentation to show that the judgment was vacated.").

        Sincerely,

        DANIEL P. BUBAR
        Attorney for the United States
        Acting under Authority Conferred
         by 28 U.S.C. § 515

        /s/ Lucy Partain Brown
        LUCY PARTAIN BROWN
        Assistant United States Attorney

cc:    Nicholas James Giles, Esq.