# McGuireWoods

McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Nicholas J. Giles
Direct: 804.775.4760
ngiles@mcguirewoods.com

March 19, 2024

**<u>VIA ECF</u>**

The Honorable Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219

> Re: Response to the Government's Rule 28(j) Letter
> *United States v. Lee*, No. 21-4299

Dear Ms. Anowi:

On behalf of Appellant Austin Kyle Lee, I write in response to the government's Rule 28(j) letter. In its letter, the government cites *United States v. Brown*, 202 F.3d 691 (4th Cir. 2000), and *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020). The government uses *Brown* and *Medley* to argue that the agreed-upon *Apprendi* error was harmless. Not only is this argument untimely, but it also lacks merit.

First, any argument based on *Brown* or *Medley* has been waived because these cases were "readily available" when the government filed its response brief. *United States v. Leeson*, 453 F.3d 631, 638 n.4 (4th Cir. 2006); *see also United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022).

In any event, *Brown* and *Medley* are not on point. Although they involved Sixth Amendment violations, both cases dealt with an improperly instructed jury rather than judicial factfinding. *See Brown*, 202 F.3d at 698–99; *Medley*, 972 F.3d at 411–12.

For judicial factfinding cases like this one, *Catone* controls. In *Catone*, this Court held that "[a]n *Apprendi* error is harmless 'where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.'" *United States v. Catone*, 769 F.3d 866, 874 (4th Cir. 2014) (quoting *Neder v. United States*, 527 U.S. 1, 17 (1999)). The government's reading of *Medley* transforms *Catone*'s conjunctive test into a disjunctive one: *either* an uncontested element *or* one supported by overwhelming evidence would suffice. That is not what *Catone* says. And because *Medley* cannot have overruled *Catone*, this Court should decline to read it in this way.

Besides, there are good reasons to apply a conjunctive test in cases of judicial factfinding. Where the error stems from a judge usurping the role of factfinder, it makes little sense to excuse

March 19, 2024
Page 2

that error through yet more judicial factfinding. Yet that is precisely what the government invites this Court to do.

                                         Sincerely,

                                         */s/ Nicholas J. Giles*
                                         Nicholas J. Giles

                                         *Counsel for Appellant*
                                         *Austin Kyle Lee*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2024, I electronically filed the foregoing document with the Clerk of this Court using the appellate CM/ECF system, which will also serve counsel of record.

                                                       */s/ Nicholas J. Giles*
                                                       Nicholas J. Giles

                                                       *Counsel for Appellant*
                                                       *Austin Kyle Lee*